# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY M. ZEIGLER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>    Defendant. | CASE NO. CV 06-6761 JTL<br><br>MEMORANDUM OPINION AND ORDER |

## PROCEEDINGS

On October 19, 2006, Larry M. Zeigler ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his applications for Supplemental Security Income benefits and Disability Insurance Benefits. On November 16, 2006, plaintiff and Michael J. Astrue, the Commissioner of Social Security ("defendant"), each filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 1, 2007, defendant filed an Answer to the Complaint. On August 2, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

# BACKGROUND

On September 3, 2004, plaintiff applied for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ["AR"] at 45, 184). Plaintiff's applications were denied both initially and upon reconsideration. (AR at 23-25, 32, 188, 189).

Thereafter, on May 26, 2005, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 40). On June 13, 2006, the ALJ conducted a hearing in Long Beach, California. (See AR at 190-205). Plaintiff appeared at the hearing with counsel and testified. (AR at 192-200, 204). Gregory Jones, a vocational expert, also testified at the hearing. (AR at 201-03). On June 10, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 11-17). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4).

Thereafter, plaintiff appealed to the United States District Court.

# PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the state agency physician's opinion of plaintiff's functional status.

2. The ALJ failed to pose a complete hypothetical to the vocational expert.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

///

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

## DISCUSSION

### A. The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2003).

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the defendant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.      The Hypothetical Question Posed to the Vocational Expert**

Plaintiff alleges that the ALJ failed to incorporate the fingering limitations assessed by Leonard H. Naiman, M.D., a state agency physician, into the hypothetical question he posed to the vocational expert at the hearing. (Joint Stipulation at 7). Plaintiff argues this omission constitutes reversible error. (Joint Stipulation at 8).

At step five of the sequential evaluation, the ALJ must determine whether the claimant's impairment prevents him or her from performing any other substantially gainful activity. Parra, 481 F.3d at 746. At this step, the burden is on the Commissioner to show that the claimant may perform other gainful activity. Lounsburry, 468 F.3d at 1114. This burden may be met by eliciting the testimony of a vocational expert in response to a hypothetical that sets out all of the limitations and restrictions of the claimant. Magallages v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Andrews, 53 F.3d at 1044; Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995). The hypothetical should be "accurate, detailed and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).

The ALJ, however, need not include all of the claimant's alleged impairments in the hypothetical. See Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988). Rather, the ALJ is required to make specific findings justifying the decision to discredit certain alleged impairments and those justifications must be supported by substantial evidence.

4

See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Thus, it is proper to omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

Where a hypothetical fails to reflect each of the claimant's limitations that are supported by substantial evidence, the vocational expert's answer has no evidentiary value. Gallant, 753 F.2d at 1456 ("Because neither the hypothetical nor the answer properly set forth all of Gallant's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Dr. Naiman completed a Physical Residual Functional Capacity Assessment of plaintiff on April 26, 2005. (AR at 174-82). Dr. Naiman indicated that plaintiff had a number of exertional limitations including limited push and/or pull operation in plaintiff's upper extremities. (AR at 175). Dr. Naiman indicated that plaintiff had a limited capacity to perform fingering or fine manipulation. (AR at 177). Dr. Naiman explained that plaintiff "[c]ould have difficulty with LUE repetitive fingering but should be able to do fingering 1/3 to 2/3 of the time as defined for frequent in DOT/SCO." (AR at 182). Dr. Naiman opined plaintiff "[c]ould have difficulty with fine, micro, precise, detailed fingering but should be able to write, turn pages, use phone, finger larger objects, etc." (AR at 182). In addition, Dr. Naiman found that plaintiff's allegations of his symptoms to be credible and that plaintiff's impairment was consistent with the symptoms and functional limitations that he alleged. (AR at 182).

Here, the ALJ presented the following hypothetical to the vocational expert:
> For the purpose of the claimant's potential entry level work assume the claimant [is] 46 years old with an 11th grade education, can perform light work without pain, which include[s] the ability to stand or walk four hours, four to six hours out of eight hours, sit six hours out of eight and occasionally climb, balance, stoop, kneel, crouch and crawl,

would there be entry level jobs the claimant could perform and [if] so what [would] the numbers of the job[s] be?

(AR at 201). The vocational expert testified that such an individual could work as a cashier, Dictionary of Occupational Titles ("DOT") number 211.462-010; information clerk, DOT number 237.367-018; office helper, DOT number 239.567-010; a telephone information clerk, DOT number 237.367-046, hair dresser, DOT number 209.587-010; and a sanitary escort vehicle driver, DOT 919.663-022; and that there are a number of these jobs in the local and national economy. (AR 201-03).

In his decision, the ALJ expressly accepts and adopts the testimony of the vocational expert:

> Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore reached . . .[T]he Administrative Law Judge concludes that the claimant retains the capacity for work that exists in significant numbers in the national economy and is not under a "disability" as defined in the Social Security Act, at any time through the date of this decision

(AR at 15).

The manipulative limitations referred to in Dr. Naiman's report regarding plaintiff's fingering and fine manipulation ability were absent from the hypothetical posed to the vocational expert. (See AR at 201). The fingering limitation was not mentioned in any previous testimony at the hearing, and there is no indication that the vocational expert reviewed the medical evidence or had the opportunity to see Dr. Naiman's report before testifying. (See AR at 190-205).

6

Substantial evidence of plaintiff's fingering limitation exists in the record. See Richardson, 402 U.S. at 401. The Medical/Vocational Decision Guide dated April 27, 2005, indicates that plaintiff has a limited capacity for repetitive fingering, specifically fine, micro, precise, detailed fingering. (AR at 83). A physical examination of plaintiff's grip strength indicated plaintiff grip was poor or diminished on his left side, but was alleged to be due to poor effort by plaintiff. (AR at 116, 167, 172). In addition, plaintiff has complained numerous times of pain, weakness and numbness in his hands, especially in his dominant left hand. (See AR at 73, 80, 92, 115, 142, ). Specifically, plaintiff noted that as of August 1, 2004, he had no "real feeling" in his left hand; and that as of September 2, 2004, he suffered from "a lot of weakness" on his left side. (AR at 73). On February 24, 2005 plaintiff indicated in a pain questionnaire that he suffered from numbness on the left side of his body. (AR at 80).

Defendant argues that the omission of the fingering limitations from the hypothetical question is supported by evidence in the record. (Joint Stipulation at 5). In the summary report of plaintiff's internal medicine consultation with Concepcion A. Enriquez, M.D., dated November 11, 2004, Dr. Enriquez opined that plaintiff was able to do fine manipulation using the fingers of both hands. (AR at 118). In the summary of the neurological evaluation conducted by Sarah L. Maze, M.D., dated April 11, 2005, Dr. Maze opined that plaintiff "is able to do fine motor activities with his arms and legs. He is able to operate a keyboard and tools." (AR at 172). While the ALJ cited to the opinions of Dr. Enriquez and Dr. Maze in his decision, he did not cite to or reference their opinions regarding the plaintiff's fingering limitations, and failed to make specific findings justifying his decision to discredit the allegations of plaintiff's fingering limitations. See Gallant, 753 F.2d at 1456; Embry, 849 F.2d at 422.

The vocational expert's response to the hypothetical was the only evidence offered by defendant to meet the burden of proving that plaintiff may perform other gainful activity. Because the hypothetical posed to the vocational expert failed to reflect a limitation supported by substantial evidence, and the ALJ failed to make specific findings

justifying his decision to discredit the allegations of plaintiff's fingering limitations, the vocational expert's answer has no evidentiary value. See Gallant, 753 F.2d at 1456. Accordingly, the ALJ erred in adopting the vocational expert's response and using it as the basis to conclude that plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy and, therefore, plaintiff is not disabled.

**C.     Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to present the vocational expert with a complete hypothetical and, thus, relied on the vocational expert's testimony in error. On remand, if the ALJ chooses to use the testimony of a vocational expert as evidence that plaintiff may perform other gainful activity, the ALJ must pose a complete hypothetical to the vocational expert that includes all of plaintiff's limitations, and the ALJ must make specific findings justifying the decision to omit any allegations of limitations that are supported by substantial evidence in the record.[1]

///

**ORDER**

---

[1] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the opinion of Dr. Naiman. As explained above, however, the ALJ's error in failing to present a complete hypothetical constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 28, 2007

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE